UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH JAMISON,

          Plaintiff,

v.

MOUNT SINAI HOSPITAL,

          Defendant.

12 CV 1483

COMPLAINT

Plaintiff, DEBORAH JAMISON, by her attorneys, alleges as follows:

## PARTIES

1    Plaintiff DEBORAH JAMISON is, and at all material times was, an individual and a citizen of the State of New York.

2    Defendant MOUNT SINAI HOSPITAL (MT. SINAI) is, and at all material times was, a hospital organized under the laws of the State of New York with its principal place of business in the New York City.

## JURISDICTION

3    This Court has jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. Section 201, *et seq*. This Court has supplemental jurisdiction of the claim arising under New York State law pursuant to 28 U.S.C. §1367(a), in that the New York State law claim is so related to Plaintiff's FLSA claim as to form the same case or controversy under Article III of the United States Constitution.

## FIRST CLAIM (Fair Labor Standards Act)

4    At all relevant times Defendant Mount Sinai was engaged in interstate commerce

1

providing hospital services to patients from various States.

5       On information and belief, at all relevant times Defendant Mount Sinai's annual sales exceeded $500,000 a year.

6       Defendant was an "employer" of the Plaintiff as defined in 29 U.S.C. §203(d), and Plaintiff was an "employee" of Defendant as defined in 29 U.S.C. §203(e)(1) and applicable New York law.

7       At all relevant times, Defendant employed Plaintiff at a rate of pay of $18.45 an hour and an overtime pay rate of $27.68 an hour.

8       Plaintiff's principal duty was as a medical office assistant.

9       Commencing in 2011, Plaintiff was given additional duties relating to arranging for patients to get renewals of prescription medications.

10      Commencing in 2011, Plaintiff regularly worked more than 40 hours a week.

11      Defendant willfully, knowingly and intentionally did not compensate Plaintiff for for all of the hours she worked in excess of 40 hours a week.

12      Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid a rate of one and one half times his hourly rate of pay for all hours worked in excess of 40 hours in a week.

13      Defendant's failure to pay Plaintiff overtime was a willful violation of the FLSA, 29 U.S.C. §207.

14      Pursuant to FLSA, Plaintiff seeks recovery of full payment of unpaid wages at a her overtime rate of pay for all overtime she worked plus an additional amount equal thereto in

FLSA liquidated damages, attorney's fees and costs and disbursements of this action.

## SECOND CLAIM (New York Labor Law)

15  Plaintiff repeats and realleges the averments of paragraphs 1 - 3, 6 - 12 of this complaint.

16  Defendant only paid plaintiff for 37.5 hours a week, when she regularly worked more than 37.5 hours and indeed worked more than 40 hours a week.

17  Defendant willfully, knowingly and intentionally did not compensate Plaintiff for all of the hours she worked in excess of 40 hours a week.

18  Defendants' failure to pay Plaintiff overtime was a willful violation New York Labor Law §§ 160(3) and 198, and NY CRR 142-2.2.

19  Pursuant to New York Labor Law §§ 160(3) and 198, and NY CRR 142-2.2, Plaintiff seeks recovery of full payment of unpaid wages for work up to 40 hours a week and unpaid overtime at her overtime rate of pay for hours worked in excess of 40 hours a week, an additional amount equal to 100% thereof in liquidated damages pursuant to New York Labor Law § 198, prejudgment interest, attorney's fees and costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands Judgment in her favor and against Defendant for;

(a)  compensatory damages in an amount of unpaid wages for work up to 40 hours a week and unpaid overtime at her overtime rate of pay for hours worked in excess of 40 hours a week,

(b)  an amount equal thereto in liquidated damages as provided in New York Labor Law §198, and NY CRR 142-2.2,

3

(c) an amount equal to her unpaid overtime as liquidated damages as provided in the FLSA,

(d) attorney's fees and costs and disbursements of this action,

(e) attorney's fees and costs incurred in enforcing any court judgment,

(f) a fifteen percent increase in the amount of the Judgment if any amounts remain unpaid upon the expiration of ninety days following the time to appeal the Judgment if no appeal is then pending pursuant to New York Labor Law § 198 paragraph 4, and

(g) such other and further relief as this Court deems necessary and proper.

February 28, 2012

PEDOWITZ & MEISTER, LLP

By _____
Robert A. Meister
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7330
robert.meister@pedowitzmeister.com